**In re NVR L.P., et al., Debtors.**

**Bankruptcy No. 92–11704–T.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Sept. 23, 1992.

Jane Marum Roush, Hogan & Hartson, McLean, Va., for debtor.

Marc E. Richards, Varet, Marcus & Fink, P.C., New York City, Counsel to Creditors Committee.

Roy Zimmerman, Alexandria, Va., Local Counsel to Creditors Committee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case come before the court on the Official Committee of Unsecured Creditors' (the "creditors' committee") objection to NVR's motion for entry of an order authorizing payment of pre-petition incentive compensation to Joseph T. Berghold. The issue before the court is whether pre-plan payment of Berghold's pre-petition claim for incentive compensation is warranted under bankruptcy law.

### Facts

Berghold is a former employee of NVR and its predecessors. He served as a director, as executive vice president and chief financial officer of NVR, and as chief executive officer of the financial services group. Effective April 30, 1992, following the commencement of the bankruptcy case, Berghold was terminated by NVR without cause. The terms of NVR's "debtor in possession" loan agreements with the pre-petition bank group required NVR to secure a new chief financial officer. On March 20, 1992, before Berghold's termination, NVR and Berghold entered into a severance agreement.

Under the agreement Mr. Berghold resigned his former position with the debtor and became an independent consultant to NVR. Berghold is receiving compensation for his consulting services in the amount of $142,500 per year, and the agreement provides for the continuation of group life insurance and health benefits. The agreement also provides that Berghold is to receive approximately $285,000 as an incentive compensation bonus that was earned pre-petition.[1] Finally, the agreement provides that so long as all of the preceding payments are made timely and in full, Berghold will not solicit any employees of NVR to leave or attempt to purchase any assets unless offered for sale for one year.

NVR asserts that unless the incentive payment is made, Berghold would be permitted to solicit NVR employees and acquire NVR assets. These actions, according to NVR, could seriously disrupt business operations.

Since Mr. Berghold is a former employee and currently a well compensated consultant of NVR the creditors' committee argues that any pre-plan payment on account of a bonus earned pre-petition is unnecessary and unwarranted under bankruptcy law.

### Discussion and Conclusions of Law

Section 105(a) of the Bankruptcy Code empowers the court to "[i]ssue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Under 11 U.S.C. § 105 the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y.1989). However, section 105 may not be used as a vehicle to discriminate among priority claims when there is no compelling business need for such discrimination. *Id.* While pre-petition claims are normally disposed of in a plan for reorganization and in accordance with statutory priorities, the "necessity of payment" rule is a narrow exception well-established in bankruptcy common law.[2] *See e.g., In re*

---

1. NVR has sought authorization to make incentive compensation payments to approximately 200 employees. Berghold's incentive payment is the only one the creditors' committee has chosen to object to.

2. The Fourth Circuit has interpreted § 105(a) as generally *not* permitting a distribution to unsecured creditors in a Chapter 11 proceeding ex-

cept under and pursuant to a plan of reorganization that has been properly presented and approved. *Official Committee of Equity Sec. Holders v. Mabey (A.H. Robbins Co., Inc.),* 832 F.2d 299, 302 (4th Cir.1987). However, it is unclear whether the broad language in *Mabey* failed to address the "necessity of payment" exception deliberately or by happenstance.

*Gulf Air, Inc.,* 112 B.R. 152, 153 (Bankr. W.D.La.1989). *See also* Russell A. Eisenberg and Frances F. Gecker, *The Doctrine of Necessity and Its Parameters*, 73 Marq. L.Rev. 1 (1989).

To justify the pre-plan payment of a pre-petition obligation the proponent of the payment must show substantial necessity. By definition, the "necessity of payment" rule is a rule of necessity and not one of convenience. For example, some courts have stated the payment must be "critical to the debtor's reorganization," [3] "indispensably necessary" [4] to continuing the debtor's operation, or "necessary to avert a serious threat to the Chapter 11 process." [5] In short, the payment must not only be in the best interest of the debtor but also in the best interest of its other creditors. *See In re UNR Industries, Inc.,* 143 B.R. 506, 520 (Bankr.N.D.Ill.1992); Eisenberg & Gecker, *The Doctrine of Necessity and Its Parameters*, 73 Marq.L.Rev. 1, 20 (1989). Accordingly, NVR must articulate a compelling business justification, other than mere appeasement of a major creditor, for making the proposed payment to Berghold. *In re Ionosphere Clubs, Inc.,* 98 B.R. at 175. I believe NVR has failed to meet this considerable burden.

Berghold is currently an independent, well-paid consultant to NVR. His position is clearly not analogous to the normal rank and file employee or manager. Berghold is being paid for ongoing consulting services. It is certainly not in Berghold's interest to walk away from $142,500 per year in consulting fees in protest for not receiving immediate super-priority payment of his bonus. In fact, non-payment at this stage still leaves Berghold with an unsecured claim for the amount of his bonus. Nevertheless, NVR argues that without this payment Berghold would be permitted (hypothetically) to dishonor his non-solicitation agreement.

This court assumes the latter for purposes of this opinion since the "necessity of payment" rule was not directly at issue in *Mabey.*

3. *In re Financial News Network, Inc.,* 134 B.R. 732, 736 (Bankr.S.D.N.Y.1991).

This court finds the hypothetical threat posed by Berghold dishonoring his non-solicitation agreement too remote and speculative to justify invoking the "necessity of payment" rule. In short, the proposed payment to Berghold is *not* "necessary to avert a serious threat to the Chapter 11 process." *In re Eagle–Picher Industries, Inc.,* 124 B.R. at 1023.

Accordingly, I conclude the proposed payment to Berghold is not only unnecessary but contrary to sound business judgment. A separate order denying debtor's motion was signed on September 23, 1992.

4. *In re Boston and Maine Corp.,* 634 F.2d 1359, 1382 (1st Cir.1980).

5. *In re Eagle–Picher Industries, Inc.,* 124 B.R. 1021, 1023 (Bankr.S.D.Ohio 1991).